UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

SEAN ELDRIDGE,                                                       :
Individually, and on behalf of all others similarly situated,       :    Civil Action No.:  23-cv-3727
                                                                    :
                                                        Plaintiff,  :
                                                                    :    **COMPLAINT**
                           - against -                              :    **(Collective and Class Action)**
                                                                    :
GREYHOUND  LINES,  INC.,  FLIX  SE,  FLIX  NORTH  :                      **Jury Trial Demanded**
AMERICA,  INC.,  FIRSTGROUP,  PLC,  FIRSTGROUP  :
SERVICES, INC., TWENTY LAKE HOLDINGS LLC, and  :
TWENTY  LAKE  MANAGEMENT  LLC,                                       :
                                                                    :
                                                       Defendants.  :

------------------------------------------------------------------------X

Representative Plaintiff Sean Eldridge ("Plaintiff" or "Eldridge"), on behalf of himself and

all others similarly situated, as class representative, upon personal knowledge as to himself and upon

information and belief as to other matters, by and through his attorneys Boyd Richards Parker &

Colonnelli, P.L., complaining of the Defendants, Greyhound Lines, Inc., Flix Se, Flix North

America, Inc., and FirstGroup, PLC, Firstgroup Services, Inc., Twenty Lake Holdings LLC, and

Twenty Lake Management LLC (collectively the "Defendants" or "Greyhound"), respectfully

alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff alleges on behalf of himself, and other current and former employees

similarly situated who worked for the Defendants and who elect to opt into this action pursuant to

the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), that he and they are: (i) entitled to

unpaid wages from Defendants for working more than forty hours in a week and not being paid an

overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week;

and (ii) entitled to maximum liquidated damages, interest and attorneys' fees pursuant to the Fair

1

Labor Standards Act, 29 U.S.C. §§201 et seq. including 29 U.S.C. §216(b)(the "Primary Class").

2.      A sub-class of this Primary Class exists, and Plaintiff complains on behalf of himself and a class of other similarly situated current and former hourly employees who worked for the Defendants in New York (the "New York Class"), pursuant to the Fed. R. Civ. Proc. 23, that he and they are: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times their regular rate for each and all such hours over forty in a week; and (ii) entitled to liquidated damages, costs, interest and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder – 12 NYCRR § 142-2.2.

3.      Plaintiff and the New York Class are also entitled to recover compensation for not receiving pay rate notices and accurate wage statements required by NYLL §195(3), under Article 6 of the New York Labor Law, and attorneys' fees pursuant to Section 198 of the New York Labor Law

4.      Similarly, a second sub-class of this Primary Class exists and Plaintiff complains, on behalf of himself and a class of other similarly situated manual laborers employed by Defendants in its New York locations (the "Manual Laborer Class"), that they are entitled to recover one-hundred percent of any wages which were paid untimely, pursuant to Article 6 of the NYLL, including Section 191(1)(a), and is also entitled to liquidated damages, interest and attorneys' fees pursuant to Section 198 of the New York Labor Law.

5.      Plaintiff is further entitled to secure declaratory, compensatory, and punitive damages to remedy Defendants' commission of unlawful retaliation for Plaintiff's assertion of his protected rights under federal and state employment laws under 29 U.S.C. § 215(a)(3), and is further entitled to attorneys' fees and interest.

## JURISDICTION

6.      This Court invokes subject matter jurisdiction pursuant to 28 U.S.C. §§§1331, 1332(d), and 1337. This Court has supplemental jurisdiction over the New York State law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs claims under the FLSA pursuant to 29 U.S.C. §216(b).

7.      This Court has personal jurisdiction over the Defendants pursuant to New York Civil Practice Law and Rules § 301 in that, *inter alia*, Defendants reside and/or transact business within this State, employed Plaintiff and those similarly situated within the State of New York, and otherwise engaged in conduct that allows for the exercise of jurisdiction as permitted by the Constitution of the United States and the laws of the State of New York, and accordingly may be served with process pursuant to Fed. R. Civ. P. 4(h)(1).

8.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§1391(b) and/or 29 U.S.C. §216(b) because Defendants transact business and have agents in the Southern District, and because a substantial part of the events or omissions giving rise to Plaintiff's individual claims, and the claims of the New York Class and Manual Laborer Class occurred in the Southern District.

9.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## THE PARTIES

10.     Plaintiff, Sean Eldridge, is an adult, over eighteen years old, who currently resides in the State of New York, New York County.

11.     Upon information and belief, and at all times relevant herein, Defendant Greyhound

3

Lines, Inc., is a foreign for-profit corporation, incorporated in Delaware, with corporate headquarters located at 15110 North Dallas Parkway, Suite 600, Dallas, Texas 75248.

12.     Upon information and belief, and at all times relevant herein, Defendant Flix Se is an international for-profit corporation, with corporate headquarters located at Friedenheimer Bruecke 16 Muenchen, BY 80639 Germany.

13.     Upon information and belief, and at all times relevant herein, Defendant Flix North America, Inc. is a foreign for-profit corporation, with corporate headquarters located in Dallas, Texas.

14.     Upon information and belief, and at all times relevant herein, Defendant FirstGroup, PLC is an international public limited company, with company headquarters located at 395 King Street, Aberdeen, Scotland.

15.     Upon information and belief, and at all times relevant herein, Defendant FirstGroup Services, Inc. is a foreign corporation.

16.     Upon information and belief, and at all times relevant herein, Twenty Lake Holdings LLC, is a foreign limited liability company, with company headquarters located at 300 Main Street, Suite 501, Stamford, Connecticut

17.     Upon information and belief, and at all times relevant herein, Twenty Lake Management LLC, is a foreign limited liability company, with company headquarters located at 300 Main Street, Suite 501, Stamford, Connecticut.

## STATEMENT OF FACTS

18.     Upon information and belief, and at all relevant times herein, Defendant Greyhound Lines, Inc. owned and operated the largest intercity bus service in North America.

19.     Upon information and belief, FirstGroup, PLC was the owner of Greyhound Lines,

Inc. until on or about October 21, 2021, at which time it sold portions of Greyhound Lines, Inc., to Flix Se.

20.    Upon information and belief, on or about July 21, 2022, Flix Se established Flix North America, Inc. to oversee operations of Greyhound, Inc.

21.    Upon information and belief, on or about September 20, 2022, First Group, PLC, by its subsidiary FirstGroup Services, Inc., sold the majority of its remaining Greyhound Lines, Inc. assets to Twenty Lake Management LLC, an affiliate of Twenty Lake Holdings LLC, both as successors in interest.

22.    Upon information and belief, and at all relevant times herein, the Defendants owned and operated charter bus services, commuter bus services, and package delivery services from stations and depots across the country, including the New York City Port Authority (the "Port Authority").

23.    At all times relevant herein, the Defendants employed at least several dozen employees at the Port Authority during the class period.

24.    At all times relevant herein, Defendants employed Plaintiff as an hourly employee, and his last regular rate of pay was about $17.58 an hour. However, starting in or about October 2020, Plaintiff was switched from being paid weekly to being paid every two weeks, in contravention of NYLL §191(1)(a)(ii).

25.    Defendants employed Plaintiff from on or about November 17, 2004, until on or about September 29, 2022, when he was retaliatorily terminated from his position as a baggage lead, a manual labor position.

26.    Plaintiff's responsibilities included but were not limited to physical labor involving lifting, moving luggage, and loading buses for more than twenty-five percent of his working time.

27. At all times relevant herein, the Defendants had a policy and practice of requiring Plaintiff and other similarly situated employees to clock out each day for an hour meal/lunch period. However, due to the demands of the job, Plaintiff and the Primary Class did not receive a bona fide meal break within the meaning of the FLSA and NYLL, particularly as the employees were always "on call" and regularly required to perform tasks necessary for the job during their meal/lunch period. As a result, Plaintiff is owed overtime wages for about 2.5 to 3 overtime hours or more each week during his employment.

28. At all times relevant herein, Plaintiff worked five days per week, totaling about 45 hours or more each week.

29. A more precise statement of the hours and wages may be made when Plaintiff obtains the wage and time records that Defendants were required to keep under the FLSA and NYLL.

30. At all times relevant herein and for the time Plaintiff was employed by the Defendants, the Defendants willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay for all hours worked in excess of forty hours in a week.

31. At all times relevant herein, Defendants did not provide Plaintiff and the putative class members with pay rate notices required by NYLL §195(3), nor did they provide accurate wage statements as they did not contain all hours worked by Plaintiff nor all wages earned, among other deficiencies.

32. The violations complained of herein were also suffered by putative class members.

33. Upon information and belief and at all times relevant herein, Defendants had annual revenues and/or expenditures in excess of $500,000.

34. Upon information and belief and at all times relevant herein, Defendants are all foreign entities to New York State.

35.     Upon information and belief, and at all times relevant herein, some putative class members reside outside of the State of New York.

36.     Upon information and belief and at all times relevant herein, the Defendants conducted business with companies outside the State of New York.

37.     At all times applicable herein and upon information and belief, the Defendants utilized goods, materials, and services through interstate commerce.

38.     At all times applicable herein, the Defendants conducted business with vendors and other businesses outside the State of New York.

39.     The Defendants, as a regular part of their business, made tax payments and other monies to agencies and entities outside the State of New York.

40.     The Defendants, as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the State of New York.

41.     At all times applicable herein and upon information and belief, the Defendants utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, the internet and telephone systems.

42.     Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters as required by 29 CFR 516 and 12 NYCRR 142-2.8.

43.     Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

44.     The nature of the Defendants' violation of Plaintiff's rights has been performed on a

continuing basis, spanning past any statutory limit.

## Retaliatory Termination

45.    Aware of the impropriety of the Defendants' overtime/mealtime policy, Plaintiff complained several times to the Defendants' New York Human Resources Manager, Gerard Norman, that he was not properly being compensated for work performed above his forty hours. Plaintiff's complaints were never addressed.

46.    Plaintiff last complained of this overtime issue in or around April 2022, at which time he was told he would not be getting paid any overtime, but he was not provided any reason.

47.    On or about September 29, 2022, Defendants terminated Plaintiff, on the basis that the baggage lead role was being phased out. However, Plaintiff was the only baggage lead who was terminated.

48.    Plaintiff's termination came as a direct and correlated retaliation for his complaints to Defendants regarding their failure to pay overtime.

## CLASS ACTION ALLEGATIONS

49.    The named Plaintiff has consented to be part of this action by the filing of this action on his behalf and with his consent.

50.    Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated and proximately damaged by Defendants' conduct, including, but not necessarily limited to, the following Primary Class, New York Class, and Manual Laborer Class.

## The Primary Class

51.    The Primary Class, of which Plaintiff is a member, is composed of similarly situated individuals defined as Defendants' current and former hourly employees, and who: (a) worked more than forty hours in a week; and (b) were not paid at an overtime rate of at least 1.5 times their regular

rate for each and all hours worked in excess of forty hours in a week, from three (3) years prior to this action's filing through the date of the final disposition who elect to opt-in to this action.

52.     This action claims that the Defendants have violated the wage and hour provisions of the FLSA by depriving Plaintiff and other similarly situated of lawful wages. Upon information and belief, there are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join this lawsuit.

53.     At all relevant times, the Defendants are aware and have been aware of the requirements to pay Plaintiff and the Primary Class one and one-half times their regular rates of pay for all hours worked each workweek above forty. However, the Defendants chose not to do so.

54.     The Defendants failed to pay Plaintiff and the Primary Class for time worked per workweek above forty (40) hours in violation of the FLSA.

55.     The Primary Class is readily ascertainable, such information being in the possession and control of the Defendants.

56.     Although the precise number of the Primary Class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of the Defendants, upon information and belief, there are several hundred members of the class during the class period.

57.     The class definition will be refined as is necessary, including after discovery if necessary, and the class would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join this lawsuit.

58.     At all times relevant to this action, Plaintiff and all those similarly-situated, were employed by the Defendants within the meaning of the FLSA – 29 U.S.C 201 et Seq.

59.     Upon information and belief, and at all times relevant to this action, Plaintiff and all

those similarly -situated, were engaged in commerce and/or in the production of goods for commerce and/or the Defendants constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. § 207(a).

60.     Upon information and belief and at all times relevant herein, the Defendants transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

61.     Plaintiff and all similarly situated employees who elect to participate in this action seek unpaid overtime compensation, an equal amount of liquidated damages, and prejudgment interest, attorneys' fees and costs pursuant to 29 U.S.C. 216(b).

**The New York Class and Manual Laborers Class – Rule 23 Class Allegations**

62.     Plaintiff also brings this action individually and as a class action on behalf of all persons similarly situated and proximately damaged by the Defendants' conduct, including but not necessarily limited to, the following Plaintiff Classes:

a.      The New York Class, which is a sub-class of the Primary Class, both of which Plaintiff is a member, is composed of similarly-situated individuals who: (a) were entitled to be paid overtime wages from Defendants for working more than forty hours in a week, but who were not paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week; (b) did not receive pay rate notices and accurate wage statements, required by NYLL 195(3), from six (6) years prior to this action's filing through the date of the final disposition.

b.      The Manual Laborer Class, also a sub-class of the Primary Class, and which Plaintiff is a member, is composed of similarly-situated individuals who were entitled to, but did not receive, weekly pay within seven calendar days after the end of the week in which

the wages were earned, from six (6) years prior to this action's filing through the date of the final disposition.

63.    The Primary Class members, as well as the New York Class and Manual Laborer Class Members, are readily ascertainable. The number and identity of the classes' members are determinable from the records of the Defendants.  The positions held, and nature and extent of certain unlawful deductions from wages are also determinable from the Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants' records.  Notice can be provided by means permissible under Fed. R. Civ. P. 23.

64    The classes' definition will be refined as is necessary, including after discovery if necessary.

65.    The Defendants, their officers, and directors are excluded from the Classes, as well as all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

66.    This action has been brought and may properly be maintained as a collective/class action under Fed. R. Civ. P. Rule 23 and 29 U.S.C. §216 because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable:

(a) Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the classes are so numerous that joinder of all members is impractical, if not impossible. Membership in the various classes will be determined upon analysis of employee and payroll records, among other records maintained by Defendants.

(b) Commonality: The Representative Plaintiff and the various classes share a community of

interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, thereby making a class action superior to other available methods for the fair and efficient adjudication of the controversy. Consequently, collective/class certification is proper under Fed.R.Civ.P. Rule 23(b)(3) and 29 U.S.C. §216(b). For example, the Defendants' practice and policy of failing to comply with New York Labor Law requirements pertaining to wage notices and pay statements, as alleged above, applies to all members of the New York Class, and the relief demanded (including, *inter alia*, the demand for injunctive and declaratory relief) affects the entire class.  Similarly, the Defendants' unlawful wage policies and practices are applicable class-wide and involve common legal and factual issues.

(c) Typicality: The Representative Plaintiff's claims are typical of the claims of the various classes. The Representative Plaintiff and all members of the various classes sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of state and federal law, as alleged herein. All of the class members were subject to the same corporate practices of Defendants of failing to pay overtime compensation; untimely pay; violations of NYLL §195(3) by failing to issue accurate wage statements in the primary language of employees that correctly identified the name of the employer, address of employer, rates of pay or basis thereof, regular hourly rate, number of overtime hours worked; and violations of NYLL §195(1) by failing to provide to employees, upon hiring, a written notice in English and the employee's primary language setting forth the employee's rates of pay and basis thereof, the name of the employer, physical address of the employer's business, names used by the employer, and other legally-mandated disclosures.

(d) Superiority of Class Action: Since the damages suffered by individual Class Members,

while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would create a risk of inconsistent rulings, which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests. This risk is particularly applicable here, in light of the demand herein for declaratory and injunctive relief relating to NYLL § 195(1) and (3). Moreover, the Representative Plaintiff is informed and believes, and based thereon alleges, that defendants, have acted and refused to act on grounds generally applicable to all claims, thereby making appropriate injunctive and monetary relief for all members of each class. Consequently, collective/class certification is proper under Fed.R.Civ.P. Rule 23(b)(2) and 29 U.S.C. § 216(b).

(e) Adequacy of Representation: The Representative Plaintiff in this class action is an adequate representative of the New York and Manual Laborer Classes, in that the Representative Plaintiff's claims are typical of those of the New York and Manual Laborer Classes and the Representative Plaintiff has the same interests in the litigation of this case as the Class Members. The Representative Plaintiff is committed to vigorous prosecution of this case, and has retained competent counsel, experienced in employment litigation of this nature, who has demonstrated diligence in investigating the facts relevant to the claims of the Representative Plaintiff and putative Class Members. The Representative Plaintiff is not

13

subject to any individual defenses unique from those conceivably applicable to the Class as a whole.

Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct retaliation or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment and future efforts to secure employment. Collective/class actions provide Rule 23 Class Members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while reducing these risks.

67.    A collective/class action is the only available method for the fair and efficient adjudication of this controversy. Upon information and belief, the New York Class and Manual Laborer Class are so numerous that joinder of all members is impracticable. Although the precise number of the members is unknown, and facts on which the calculation of those numbers are based are presently within the sole control of Defendants, upon information and belief, there are over 100 members of both and/or each class during the class period.

68.    The Plaintiff and both sub-classes respectively share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, thereby making a class action superior to other available methods for the fair and efficient adjudication of the controversy. Consequently, collective/class certification is proper under Fed. R. Civ. P. Rule 23(b)(3) and 29 U.S.C. §216(b).

69.    Upon information and belief, the claims of the alleged as to each party below are typical of the claims of the class in that all class members were subject to the same corporate policy, and they sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of state and federal law, as alleged herein.

14

70.     Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

71.     The representative party will fairly and adequately protect the interests of the class.

72.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour and frequency of pay litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against large entities such as the Defendants, and in light of the large number of putative class members.

73.     Should separate actions be brought or be required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would create a risk of inconsistent rulings, which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests. This risk is particularly applicable here, in light of on information and belief, and based thereon allege, that Defendants have acted and refused to act on grounds generally applicable to all claims, thereby making appropriate injunctive and monetary relief for all members of each class. Consequently, collective/class certification is proper under Fed.R.Civ.P. Rule 23(b)(2) and 29 U.S.C. § 216(b).

74.     At all times relevant to this action, Plaintiff and all those similarly situated as class members, were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

75.     Defendants, their officers and directors, are excluded from the New York Class and Manual Laborer Class, as well as all persons who will submit timely and otherwise proper requests

for exclusion from the Fed. R. Civ. P. 23 Class.

## AS AND FOR A FIRST CAUSE OF ACTION
Fair Labor Standards Act - 29 U.S.C §§ 201 et Seq. (Overtime)
(Brought on behalf of Plaintiff and the Entire Class)

76.    Plaintiff alleges on behalf of himself and all others similarly situated who opt into this action pursuant to 29 U.S.C. § 216(b), and incorporates by reference the allegations in paragraphs 1 through 75 above as if set forth fully and at length herein.

77.    This claim is brought as a collective and class action on behalf of the named Plaintiff and the Primary Class.

78.    This action claims that Defendants violated the wage and hour provisions of FLSA by depriving Plaintiff and the Primary Class of their lawful wages. Specifically, the Primary Class 1) worked more than forty hours in a week; and 2) were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

79    At all relevant times, Defendants were, or should have been, aware of the requirements to pay Plaintiff and the Primary Class: (a) federal minimum wage; and (b) one and one-half times their regular rates of pay for all hours worked each workweek above forty. However, Defendants chose not to do so.

80.    At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff and the Primary Class, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

## Relief Demanded

81.    Due to Defendants' FLSA violations, Plaintiff and the Primary Class are entitled to recover from Defendants their unpaid overtime wage compensation, plus maximum liquidated

damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
§§ NYLL 650 et Seq. (Unpaid Overtime + SOH)
(Brought on behalf of Plaintiff and the New York Class)

82.    Plaintiff alleges the following, on behalf of himself and the New York Class, and incorporates by reference the allegations in paragraphs 1 through 81 above as if set forth fully and at length herein.

83.    Plaintiff sues on his own behalf and on behalf of the New York Class under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

84.    Plaintiff brings this cause of action on behalf of himself and the New York Class as they are (i.) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate and at least 1.5 times the applicable New York State minimum wage rate for each and all such hours over forty in a week; and (ii) entitled to costs and attorney's fees, pursuant to NYMWA, NYLL §§ 650 et seq., including NYLL § 663, and the regulations thereunder – 12 NYCRR § 142-2.2.

85.    The NYMWA defines an employer as "any individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons acting as employer."

86.    At all relevant times, Defendants were, or should have been, aware of the requirements to pay Plaintiff and the New York Class: (a) New York minimum wage; and (b) one and one-half times their regular rates of pay for all hours worked each workweek above forty. However, Defendants chose not to do so.

87.    Exhaustion of remedies is not required before bringing a claim for unpaid wages and overtime pursuant to the NYMWA. See NYLL § 663(1).

88.     At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff and the New York Class overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of NYMWA, NYLL §§ 650 et seq., including NYLL § 663, and the regulations thereunder – 12 NYCRR § 142-2.2.

## Relief Demanded

89.     Due to Defendants' NYLL overtime violations, Plaintiff, and the New York Class, are entitled to recover from Defendants, their unpaid overtime, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
New York Labor Law – Failure to Pay Timely Wages
(Brought on behalf of Plaintiff and the Manual Laborers Class)

90.     Plaintiff alleges on behalf of himself and all others similarly situated as Manual Laborers Class members and incorporates by reference the allegations in paragraphs 1 through 89 above as if set forth fully and at length herein.

91.     Plaintiff sues on his own behalf and on behalf of the Manual Laborers Class under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

92.     The timely payment of wages pursuant to provision NYLL §191 and its supporting regulations apply to Defendants, as for-profit corporations, and protect Plaintiff and the Manual Laborer Class.

93.     Plaintiff complains on behalf of himself and the Manual Laborer Class, current and former manual workers, which Defendants employed, but failed to properly pay their wages within seven calendar days after the end of the week in which these wages were earned pursuant to NYLL §191.

18

94.     Defendants' policy to pay its manual labor workers bi-weekly since at latest on or about October 2020 violated the frequency requirements of NYLL §191(1)(a). By failing to pay wages pursuant to statutory minimum of time, and in compliance with NYLL §191(1)(a), they effectively paid less than what is required by law.

95.     The purpose of section 198(1-a) is enhancing enforcement of the Labor Law's substantive wage enforcement provisions. In violating NYLL §191(1)(a), the Manual Laborers Class has suffered damages too obscure and difficult of proof for estimate other than by liquidated damages.

### Relief Demanded

96.     Due to Defendants' violations of NYLL §191(1)(a), Plaintiff and the Manual Laborer Class are entitled to recover from Defendants the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL §198.

### AS AND FOR A FOURTH CAUSE OF ACTION
New York Labor Law – Failure to Provide Accurate Wage Statements and Pay Rate Notices
(Brought on behalf of Plaintiff and the New York Class)

97.     Plaintiff alleges on behalf of himself and all others similarly situated as New York Class members and incorporates by reference the allegations in paragraphs 1 through 96 above as if set forth fully and at length herein.

98.     Defendants failed to supply Plaintiff and the New York Class with a pay rate notice at the commencement of their employment, and an accurate statement of wages with every payment of wages as required by NYLL, Article 6, §195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or

other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked per week, including overtime hours worked if applicable; deductions; and net wages.

## Relief Demanded

99.    Due to Defendants' violations of NYLL § 195(3), Plaintiff and the New York Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide them with accurate wage statements, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, §198.

## AS AND FOR A FIFTH CAUSE OF ACTION
### Retaliation Against Plaintiff For Engaging In Protected Activity
### (Brought on behalf of Plaintiff)

100.    Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 99, above.

101.    The FLSA applied to Plaintiff's employment with Defendants at all times relevant herein.

102.    Plaintiff engaged in protected activity when he complained to Defendants about Defendants' failure to properly compensate him for overtime hours.

103.    Almost immediately after Plaintiff complained of the Defendants' failure, Plaintiff was informed that he was terminated.

104.    Defendants' adverse employment action constituted a retaliatory action, undertaken in direct response to Plaintiff's assertion of workplace rights protected by the FLSA.

105.    There was a causal connection between Plaintiff's complaints and the materially adverse actions taken against Plaintiff by the Defendants.

106.    As a direct, foreseeable, and proximate result of Defendants' actions, specifically

Plaintiff's termination, Plaintiff has suffered a loss of earnings and job benefits; Plaintiff has suffered and continues to suffer emotional distress; and has incurred and continues to incur expenses.

107.    Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intent to injure Plaintiff. The acts taken towards the Plaintiff were carried out by Defendants with a conscious disregard for Plaintiff's rights, acting in deliberate, callous, and intentional manner with a desire to injure and damage.

108.    The Defendants retaliated against Plaintiff for engaging in protected activity in violation of 29 U.S.C. § 215(a)(3).

### Relief Demanded

109.    Pursuant to FLSA, 29 U.S.C. § 216(b), Plaintiff is entitled to legal and equitable relief including compensatory and punitive damages, as well as reasonable attorney's fees and costs.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A.    Certification of this case as a collective and class action pursuant to the FLSA and Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. §216;

B.    Designation of Plaintiff as representative of the NY Rule 23 Class and counsel of record as Class Counsel;

C.    Declare Defendants (including their overtime wage payment policy and practices) to be in violation of the rights of Plaintiff and those similarly situated, under the FLSA and New York Labor Law, and enjoin Defendants from engaging in such violations.

D.    As to the First Cause of Action, award Plaintiff and those similarly situated as the Primary Class members, their unpaid overtime wage compensation due under the FLSA, together

with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

E.      As to the Second Cause of Action, award Plaintiff and those similarly situated as New York Class members, their unpaid overtime due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, 2.4, together with maximum liquidated damages, prejudgment interest, costs, and attorney's fees pursuant to NYLL §663.

F.      As to the Third Cause of Action, award Plaintiff and those similarly situated as Manual Laborer Class members, maximum recovery for violations of NYLL §191(1)(a), as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL §198.

G.      As to the Fourth Cause of Action, award Plaintiff and those similarly situated as New York Class members, maximum recovery for violations of NYLL §195(3), as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL §198.

H.      As to the Fifth Cause of Action, award Plaintiff maximum recovery for violations of his rights based on his retaliatory termination pursuant to FLSA, 29 U.S.C. § 216(b), as legal and equitable relief including compensatory and punitive damages, as well as reasonable attorney's fees and costs.

**[THE REMAINDER OF THE PAGE IS INTENTIONALLY LEFT BLANK]**

I.      Award Plaintiff, and all others similarly situated where applicable, any relief requested or stated in the preceding paragraphs but which has not been requested in the "WHEREFORE" clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief.

J.      Such other relief as this Court shall deem just and proper.

Dated: New York, New York
       May 3, 2023

                                        BOYD RICHARDS PARKER & COLONNELLI, P.L.
                                        *Attorneys for Plaintiffs*


                                         /s/ *Jacqueline L. Aiello*
                                        Jacqueline L. Aiello, Esq.
                                        Nicholas P Iannuzzi, Esq.
                                        1500 Broadway, Suite 505
                                        New York, New York 10036
                                        212-400-0626