

Littler Mendelson P.C.
290 Broadhollow Road
Suite 305
Melville, NY  11747

Daniel Gomez-Sanchez
Shareholder
631.247.4713 direct
631.247.4700 main
dsgomez@littler.com

September 29, 2023

**Application DENIED.**  As discussed at the September 13, 2023, conference, the Court does not typically enter a stay of discovery pending the resolution of a motion to dismiss, and here discovery is likely to shed light on the jurisdictional issue.

**VIA ECF**

Hon. Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

New York, New York
Dated: October 2, 2023

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

Re:   <u>Sean Eldridge et al. v. Greyhound Lines, Inc. et al.</u>
       Civil Action No. 23-cv-3727 (LGS)

Dear Judge Schofield:

This firm represents Defendant FirstGroup, PLC ("Defendant" or "FirstGroup") in the above referenced action.  We write to respectfully request that all discovery be stayed as to FirstGroup during the pendency of its anticipated motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). FirstGroup also hereby requests that an interim Order be entered staying discovery as to FirstGroup during the pendency of this request.

"Although not expressly authorized by statute or rule, . . . the federal district courts have discretion to impose a stay of discovery pending the determination of dispositive motions by the issuance of a protective order."  *Friedman v. Nexien, Inc.*, 21-CV-03292 (DRH)(JMW), 2021 U.S. Dist. LEXIS 216775, at *5 (E.D.N.Y. Nov. 9, 2021) (internal citations omitted).  Courts assess "the particular circumstances and posture of each case" when deciding whether discovery should be stayed pending the resolution of a dispositive motion. *See GE Int'l, Inc. v. Thorco Shipping Am., Inc.*, 21 Civ. 6154 (JPC), 2022 U.S. Dist. LEXIS 97093, at *9 (S.D.N.Y. May 24, 2022).  Indeed, Courts generally look to "the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay."  *Rep of Turk. v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (SDNY 2018) (internal citations omitted).

A stay of discovery as to FirstGroup is warranted here.  Plaintiff has not yet served discovery requests pursuant to FRCP 33 or 34 upon FirstGroup, rendering the factors concerning the breadth of discovery sought and the burden of responding to it inapplicable here.  Further, regardless of whether those factors are inapplicable, or become applicable at some later time, no prejudice would befall Plaintiff if discovery were stayed solely as to FirstGroup.  To be sure, nothing would prevent Plaintiff from seeking

Lorna G. Schofield
United States District Judge
September 29, 2023
Page 2

discovery from the other Defendants, particularly Greyhound, which has not denied that it employed Plaintiff.

Further, FirstGroup's motion to dismiss for lack of personal jurisdiction is strong. First, Plaintiff's allegations regarding personal jurisdiction are conclusory and not supported by any facts alleged against FirstGroup in the Complaint. *See Highmore Fin. Co I LLC v. Greig Cos.*, 21-CV-11021 (AT), 2023 U.S. Dist. LEXIS 132037, at *17-24 (S.D.N.Y. Jul. 31, 2023) (dismissing complaint where jurisdictional allegations were conclusory and insufficient to plead personal jurisdiction over each defendant). Moreover, the allegation that FirstGroup once owned Greyhound is insufficient to establish personal jurisdiction over FirstGroup under applicable law. *See SPV Osus, Ltd. v. UniCredit Bank Aus.*, 18-cv-3497 (AJN), 2019 U.S. Dist. LEXIS 55713, at *8 (S.D.N.Y. Mar. 30, 2019) (finding formal parent-subsidiary relationship insufficient to establish personal jurisdiction over parent). To be sure, FirstGroup will be submitting evidence in the form of an affidavit from Greyhound establishing that FirstGroup had zero control over Greyhound's day-to-day operations, including Plaintiff's employment. While Plaintiff's conclusory allegations of jurisdiction are insufficient to establish application of New York's long-arm jurisdiction or compliance with constitutional due process on their own, FirstGroup's evidence will definitively establish the absence of same. *See SPV Osus, Ltd.*, 2019 U.S. Dist. LEXIS 55713, at *11 ("a defendant may submit affidavits and documents beyond the pleadings, and a court 'may determine the motion on the basis of affidavits alone.'").

The Court should also consider the substantial burden discovery would place on FirstGroup in this case. As conceded by Plaintiff, FirstGroup is an international business entity with its principal place of business in Scotland (*see* Compl. ¶ 14). FirstGroup has no physical presence in New York or elsewhere in the United States. Given the above, FirstGroup should not be required to engage in potentially unnecessary discovery while its motion to dismiss is pending.

Plaintiff does not consent to FirstGroup's request. We thank the Court for its consideration of our request.

Respectfully submitted,

/s/ *Daniel Gomez-Sanchez*

Daniel Gomez-Sanchez
Joseph A. Gusmano