## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

SEAN ELDRIDGE, Individually, and on behalf
of all others similarly situated,

                Plaintiff,

    vs.

GREYHOUND LINES, INC., FLIX SE, FLIX
NORTH AMERICA, INC., FIRSTGROUP PLC,
FIRSTGROUP SERVICES, INC., TWENTY LAKE
HOLDINGS LLC, and TWENTY LAKE
MANAGEMENT LLC,

                Defendants.

Civil Action No. 1:23-cv-3727-LGS-BCM

**Hon. Lorna G. Schofield, U.S.D.J.**

### <u>STIPULATED PROTECTIVE ORDER</u>

WHEREAS, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby agreed, by and between Plaintiff Sean Eldridge ("Plaintiff") and Defendants Twenty Lake Holdings LLC and Twenty Lake Management LLC (collectively, the "Twenty Lake Defendants" and, together with Plaintiff, the "Parties" and each individually, a "Party") and their respective counsel, that certain documents and information requested by the parties in oral and written discovery in this action may contain confidential and other proprietary information that should be protected from disclosure.

WHEREAS, the Parties request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and sensitive information that they may need to disclose in connection with discovery in this action;

Accordingly, for good cause shown, the Parties request the Court enter this Stipulated Protective Order, the terms of which shall govern the production of certain documents and information in this case by either the Parties and/or any non-party.

1.      Due to the potential for certain sensitive, proprietary information to be requested through discovery, the Parties agree that certain documents and information produced in response to requests for production, interrogatories, and/or requests for admission, as well as testimony may be marked CONFIDENTIAL as follows: (a) in the case of documents, by stamping each page of the document with the word CONFIDENTIAL; (b) in the case of interrogatory answers, or responses to requests for admission, by stamping the confidential portion with the word CONFIDENTIAL; and, (c) in the case of testimony, by having the pages of the transcript that contain confidential information stamped CONFIDENTIAL and binding those pages separately. All confidentiality designations must be made in a manner that will not interfere with legibility or audibility of the designated material. Any copies that are made of any documents marked CONFIDENTIAL shall also be so marked.

2.      Information is properly marked CONFIDENTIAL if it contains business information a Party maintains as confidential or the dissemination of which could be detrimental to a Party; private personal information; income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; personnel or employment records of a person who is not a Party or potential Class/Collective member to the case; or information which the producing Party otherwise believes in good faith to be entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure and applicable law.  Information that the Parties designate as CONFIDENTIAL shall be used only for purposes of the present matter. Under no circumstances may a Party other than the producing Party use any information designated CONFIDENTIAL for any business, competitive, or non-litigation purpose, or for a litigation purpose that is outside of this matter. Nothing contained in this Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action.  Nor does anything contained

in this Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

      3.     Information designated as CONFIDENTIAL may be disclosed only to the following:

      a. outside counsel (including their staff) representing or advising the Parties in this litigation (whether or not counsel of record);

      b. employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

      c. in-house counsel (including their staff) for each Party who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action and are not involved in trademark prosecution and/or have competitive business decision authority;

      d. any experts or consultants retained by either Party and their staff (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (i) such consultants or experts are not presently employed by a Party hereto for purposes other than this Action; (ii) before access is given, the consultant or expert has completed the Acknowledgement Agreement attached as Exhibit A hereto;

      e. the author or prior recipient(s) of the designated document;

      f. any court reporter, typist, or videographer recording or transcribing testimony or argument in this action;

      g. clerical, ministerial, or litigation support service providers, such as outside copying

support, electronic discovery, or trial presentation or graphics personnel, retained to assist a Party or its counsel;

h.  the Court and any Court staff assisting with the case;

i.  any mediator or arbitrator that the Parties engage in this matter or that this Court appoints;

j.  the Parties to this Action and any of their employees but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the prosecution or defense of this action; and

k.  the Parties' insurers and counsel to the Parties' insurers provided such person has first executed an Acknowledgement Agreement in the form annexed as Exhibit A hereto.

4.      Due to the confidential, sensitive, and proprietary nature of the "Sale, Purchase and Escrow Agreement", dated as of June 13, 2022, to be produced by the Twenty Lakes Defendants to Plaintiffs, the Parties agree to designate said contract as for "ATTORNEYS' EYES ONLY" for the purposes of settlement negotiations only.

5.      In addition to the foregoing, during a deposition, information designated as CONFIDENTIAL may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

(a)     the information was previously received or authored by the person or was authored or received by a director, officer, employee, or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6);

(b)     the person is the Producing Party, or is a director, officer, employee,

consultant, or agent of the Producing Party.

6.      If at any time before the trial of this action a Producing Party determines that it should have designated as CONFIDENTIAL some portion(s) of discovery material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing.  Thereafter, all persons subject to this Order will treat such designated portion(s) of the discovery material as CONFIDENTIAL.  In addition, the Producing Party shall provide each other Party with replacement versions of such discovery material that bears the CONFIDENTIAL designation within five business days of providing such notice.  In the event that a Producing Party identifies an inadvertently undesignated document due to the use of the document at a deposition by a Party who has received the document ("Receiving Party"), the Receiving Party may use the document to complete the deposition, but the witness is prohibited from retaining any copies of the confidential information.

7.      Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8.      All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule I.D.3 of this Court's Individual Rules and Procedures for Civil Cases.  No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers pursuant to that Rule.  All persons producing CONFIDENTIAL information are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any documents submitted to the Court or presented in connection with any motion, application, or proceeding that may result in an order and/or decision

by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material.

9.     Either Party may object to the designation of information as CONFIDENTIAL. When a Party so objects, its counsel shall either notify counsel for the designating Party in writing, or, in the case of live testimony, by stating that objection on the record. Counsel for the Parties shall then confer in good faith in an attempt to resolve the issue.  If the Parties are unable to agree promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Section III.C.3 of this Court's Individual Rules and Procedures for Civil Cases.

10.    A Party may be requested to produce discovery material that is subject to contractual or other obligations of confidentiality owed to a third party.  Within 15 days of receiving the request, the Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court.  If neither the third party nor the Party receiving the request seeks a protective order or other relief from this Court within 21 days of that notice, the Party receiving the request shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

11.    If counsel determines it necessary for the prosecution or defense of this action that information designated as CONFIDENTIAL should be disclosed to a witness or other person other than as provided by in this Protective Order, counsel must first contact opposing counsel and request written permission to make such disclosure. If written permission is given, the witness receiving the confidential information shall not retain a copy of the confidential information. If written permission is not given, counsel for the Party seeking disclosure shall follow the procedure laid out herein or shall seek relief from the Court.

12.    If counsel determines it necessary to use any document or testimony deemed

CONFIDENTIAL at any hearing, oral argument or trial of this matter, nothing in this Order shall be construed as limiting or restricting such use.  Moreover, nothing in this Order shall be construed as imposing restrictions on the Court's use of CONFIDENTIAL information that has been filed with the Court, as the Parties are without authority to impose any obligations on the Court.

13.     Sixty (60) calendar days after the conclusion of all proceedings in this matter, including any appeals, all originals or copies of documents, deposition transcripts, or other information identified by any Party as CONFIDENTIAL shall be returned to counsel for the designating Party. This provision applies to documents and information in paper or electronic format. Alternatively, any receiving Party may, at its option and cost, destroy such materials in a secure manner that ensures confidentiality and renders the information no longer recognizable. If a Party chooses to securely destroy documents, the destroying Party must certify the destruction of the documents in writing to counsel for the producing Party within a reasonable time after such destruction upon request.

14.     Notwithstanding the provisions of Paragraph 15, outside counsel of record may retain (in paper or electronic format) any documents designated as CONFIDENTIAL as well as any documents, databases, pleadings, deposition transcripts, work papers, or other work product that contain or refer to such documents. Any documents retained by outside counsel are to be maintained for archival purposes only and counsel's obligations of confidentiality continue until the documents are permanently destroyed.

15.     Nothing in this Order shall limit the use of information designated CONFIDENTIAL by the designating Party.  However, the intentional public disclosure of information designated CONFIDENTIAL by the designating Party shall be deemed a waiver of the protections and obligations contained within this Protective Order.

16.     Any inadvertent failure to assert confidentiality shall not preclude a Party from designating any documents or testimony pursuant to this Protective Order, in which event the items subject to such designation shall thereafter be treated according to the designation given. The producing Party shall notify the other Party of such designation in writing. In the event that a producing Party identifies an inadvertently undesignated document due to the receiving Party's use of the document at a deposition, the Receiving Party may use the document to complete the deposition, subject to the provisions of Section 6 above prohibiting the witness' ability to retain a copy of the confidential information.

17.     If a Receiving Party is served with a lawful subpoena or other compulsory process that would compel disclosure of any CONFIDENTIAL information designated by the Producing Party or is otherwise required to produce any such information by law or by any government agency having jurisdiction, the Receiving Party must so notify the Producing Party, in writing, immediately and in no event more than three business days after receiving the subpoena or demand. Such notification must include a copy of the subpoena or demand.  The Receiving Party also must immediately inform in writing the party who caused the subpoena or demand to issue that some or all of the material covered by the subpoena or demand is the subject of this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the party that caused the subpoena or demand to issue.  The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Producing Party in this case an opportunity to try to protect its CONFIDENTIAL information in the court, agency, or other forum from which the subpoena or demand issued.  The Producing Party shall bear the burden and the expense of seeking protection in that court, agency, or other forum of its CONFIDENTIAL information.  The obligations set forth in this paragraph remain in effect while the Receiving Party has in its possession, custody,

or control information designated as CONFIDENTIAL by the other Party to this case.

18.     Until such time as this Protective Order has been entered by the Court, the Parties agree that, upon execution by all of the Parties, it will be treated as though it has been "So Ordered" and the Parties will abide by its terms.

19.     The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that:

(a)     was, is, or becomes public knowledge, not in violation of this Protective Order;

(b)     is acquired by the non-designating Party from a third party having the right to disclose such information or material; or

(c)     was lawfully possessed by the non-designating Party prior to the entry by the Court of this Order.

20.     Nothing in this Protective Order shall bar or otherwise restrict the Parties' respective trial attorneys or in-house attorneys from rendering advice to his or her client with respect to the above captioned matter and, in the course thereof, referring to or relying in a general manner upon his or her examination of information, documents and things designated as CONFIDENTIAL that he or she is permitted to see under this order and produced or disclosed hereunder.

21.     This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom CONFIDENTIAL information is produced or disclosed.

22.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

23.    The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed, or designated as confidential.

SO STIPULATED AND AGREED this 5th day of October, 2023.

| | |
|---|---|
| /s/ *Nicholas P. Iannuzzi* | /s/ *Richard J. Galati, Jr.* |
| Nicholas P. Iannuzzi, Esq. | Richard J. Galati, Jr., Esq. |
| BOYD RICHARDS PARKER & COLONNELLI, P.L. | ALSTON & BIRD LLP |
| 1505 Broadway, Suite 505 | 90 Park Avenue |
| New York, New York 10036 | New York, New York 10016 |
| Telephone: (212) 400-0626 | Telephone: (212) 210-9400 |
| Email: jaiello@boydlawgroup.com | Email: Richard.Galati@alston.com |
| niannuzzi@boydlawgroup.com | ***Counsel for Defendants Twenty Lake*** |
| ***Counsel for Plaintiff*** | ***Holdings LLC and Twenty Lake Management*** |
| | ***LLC*** |

It is so ORDERED, and Entered this 10th day of _____October_____, 2023.

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

**EXHIBIT A**

**ACKNOWLEDGMENT AGREEMENT**

I, _____, certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order ("Protective Order"), dated _____, 2023, in *Sean Eldridge v. Greyhound Lines, Inc., et al.*, Case No. 1:23-cv-3727-LGS-BCM, and that I have been given a copy of and have read that Protective Order and agree to be bound by it and submit to the jurisdiction of the United States District Court for the Southern District of New York in connection with such Protective Order. I understand that all such Confidential Information and copies thereof shall be maintained in a secure manner, shall be used for no purpose beyond the aforementioned litigation, and shall be returned no later than sixty (60) days after the termination of this lawsuit to the counsel for the Party or person who provided such Confidential Information unless said Party or person in writing authorizes destruction of the documents in question in lieu of return. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

DATE: _____          _____

                                 Signature

11

## CERTIFICATE OF SERVICE

I, the undersigned counsel, certify that on October 5, 2023, I caused a copy of the foregoing document to be electronically filed using the Court's CM/ECF system, which will generate notice of this filing to all counsel of record.

*/s/Richard J. Galati, Jr.*
Richard J. Galati, Jr.

***Counsel for Defendants Twenty
Lake Holdings LLC and Twenty
Lake Management LLC***
